UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD EVANS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPITAL ONE,<br><br>　　　　Defendant. | Case No. 1:24-cv-02010<br><br>Hon. Judge Franklin U. Valderrama |

**Order**

　　*Pro se* Plaintiff Ronald Evans sued Defendant Capital One for breach of contract. According to Plaintiff, Defendant breached certain debt settlement agreements. [1]; [4].[1] Specifically, Plaintiff asserts that he "tried to reach Debt Settlement Agreements with [Defendant]" regarding a debt of "$14,000 [] plus interest" that he incurred. *Id*. Plaintiff attached the purported agreements as Exhibits A, B, and C to his Complaint. According to these agreements, Defendant purportedly agreed to (i) settle Plaintiff's debts for a payment of either $50 or $60, (ii) report Plaintiff's accounts as "paid in full" and cease reporting any negative information, and (iii) forego filing or pursuing "any municipal judgments" related to the accounts. *Id*. Plaintiff alleges that Defendant breached these agreements by seeking municipal judgments and by failing to remove the closed account from Plaintiff's credit file. *Id*. Plaintiff seeks punitive damages of $750,000, along with an additional $250,000 in punitive damages "to start a 401k account for his retirement." [4].

---

[1]On February 1, 2024, Plaintiff filed an amended complaint, three days after filing his original complaint. [4]; [29]. The amended complaint consisted of a single page containing one additional handwritten request for relief. *Id*. Defendant subsequently filed a motion to dismiss, addressing both the claims in the original complaint and the additional relief request in the amended complaint. Although, an amended complaint generally supersedes the original complaint, *Riley v. Elkhart Cmty. Schs.*, 829 F.3d 886, 890 (7th Cir. 2016), the Court, considering Plaintiff's *pro se* status and Defendant's responsive motion to dismiss, finds it appropriate to read the original complaint [1] and the amended complaint [4] together in the interest of justice.

Before the Court is Defendant's fully briefed Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). [25]-[29]; [38]. For the reasons that follow, the Court grants Defendant's motion and dismisses Plaintiff's Complaint [1], [4] with prejudice.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Or. of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

"Under Illinois law, the elements of a breach of contract claim are (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *KAP Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 5 F.4th 517, 522 (7th Cir. 2022). As a threshold matter, Plaintiff must plausibly plead the existence of a valid and enforceable contract, which requires sufficiently alleging offer, acceptance, and consideration. *Id*. Defendant argues, and the Court agrees, that Plaintiff fails to do so.

First, Plaintiff fails to allege, much less plausibly allege, that Defendant entered into any of the purported Debt Settlement Agreements attached to his Complaint. *Kap Holdings, LLC*, 55 F.4th at 522 (a breach of contract claim must allege "the existence of a valid and enforceable contract"); *Mohammed v. Uber Techs.*, 237 F. Supp. 3d 719, 728 (N.D. Ill. 2017) (contract formation requires acceptance by the offeree). Instead, in a cursory fashion, Plaintiff alleges that he "tried in good faith to make payment arrangement[s]," that he "tried to reach Debt Settlement agreements," and that he "tried in good faith to settle all debts." [1]. However, it is well-settled that "negotiations and discussions" alone are not paramount to binding contractual obligations. *See Perez v. Abbott Laboratories*, 1995 WL 86716, at *11 (N.D. Ill. Feb. 27, 1995). In other words, as Alexandre Dumas wrote in *The Count of Monte Cristo*, "It is not enough to merely try; you must also succeed."[2]

Additionally, the content and form of the purported agreements also weigh in favor of dismissal. As Defendant notes, none of the three "agreements" are signed by

---

[2] Dumas, Alexandre, *The Count of Monte Cristo* (1844).

Defendant; they contain only Plaintiff's signature and notarization, while the Defendant's signature line merely includes "Capital One" in typed text. *Bauer v. Qwest Commun. Co.*, LLC, 743 F.3d 221, 227 (7th Cir. 2014) ("Generally, one of the acts forming the execution of a written contract is its signing."); *see also John Thodos, Peggy Thodos, and the Peggy A. Thodos 2014 Irrevocable Tr., Plaintiffs, v. TriState Capital Bank, Def.*, 2025 WL 843853, at *2 (N.D. Ill. Mar. 17, 2025) ("A contract with a forged signature is by the common law absolutely void."). The manner of execution (or lack thereof) makes Defendant's assertion that Capital One never entered any of the purported agreements credible.

Not only that, but further scrutinizing the content and form, the Court has additional grounds to question the legitimacy of the agreements. That is, they lack basic boilerplate terms—such as choice of law, assignment rights, notice procedures, or dispute resolution clauses—commonly found in agreements involving sophisticated commercial parties like Defendant. True, enforceable agreements need not always include these terms and provisions. *See Citadel Group Ltd. v. Washington Regl. Med. Ctr.*, 692 F.3d 580, 589 (7th Cir. 2012) ("A contract may be enforced even though some contract terms [are] missing.") (cleaned up).[3] However, their absence here, coupled with the typographical and grammatical errors, formatting inconsistencies, lack of execution by Defendant and the singular notarization, casts significant doubt on the authenticity of the supposed "agreements," even when drawing all reasonable inferences in Plaintiff's favor. *Natl. Prod. Workers Union Ins. Tr. v. Cigna Corp.*, 665 F.3d 897, 901 (7th Cir. 2011) ("[A]n enforceable contract requires an offer, acceptance, consideration, and *mutual assent*.") (cleaned up) (emphasis added).

At bottom, these deficiencies independently, and certainly collectively, are fatal to Plaintiff's claim. Accordingly, the Court grants Defendant's Rule 12(b)(6) motion and finds it is appropriate that the dismissal ordered herein be with prejudice, as under no set of facts can the purported agreements plausibly form the basis of an actionable breach of contract claim. *See Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *see also Arazie v. Mullane,* 2 F.3d 1456, 1464 (7th Cir. 1993) ("A district court does not abuse its discretion when it denies leave to amend where repleading would be futile."). Civil case terminated.

Dated: March 27, 2025

                                            United States District Judge
                                            Franklin U. Valderrama

---

[3] This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

3